991 So.2d 1046 (2007)
Clara RICKS
v.
Bobby BUTLER and Associated Hospital Services, Inc.
No. 2007-CA-0136.
Court of Appeal of Louisiana, Fourth Circuit.
June 27, 2007.
Rehearing Granted in Part, Denied in Part September 14, 2007.
Pete Lewis, Lewis & Caplan, APLC, New Orleans, LA, for Clara Ricks.
Thomas W. Darling, Gaudry, Ranson, Higgins & Gremillion, L.L.C., Baton Rouge, LA, Thomas L. Gaudry, Jr., William H. Voigt, Gaudry, Ranson, Higgins & Gremillion, L.L.C. Gretna, LA, for Zurich American Insurance Company.
Jeffrey J. Warrens, Johnson, Stiltner & Rahman, Baton Rouge, LA, for Associated Hospital Services, Inc. and Louisiana Workers' Compensation Corporation.
Raymond A. Pelleteri, Jr., Gina G. Olivier, Pelleteri, Wiedorn & Cooper, L.L.C., New Orleans, LA, for Bobbie Butler.
(Court composed of Judge CHARLES R. JONES, Judge DENNIS R. BAGNERIS SR., Judge EDWIN A. LOMBARD).
EDWIN A. LOMBARD, Judge.
The issue in this appeal is whether defendant/appellee Zurich American Insurance Company ("Zurich") is entitled to summary judgment. After review of the record in light of the applicable law and arguments of the parties, we reverse the judgment of the trial court and grant a partial summary judgment in favor of the defendant/appellant Bobbie[1] Butler.

*1047 Relevant Facts and Procedural History

On July 25, 2003, Clara Ricks, an employee of Associated Hospital Services, Inc. ("Associated"), a hospital laundry service, was injured at work as a result of a practical joke played by Butler, the President and Chief Executive Officer of Associated. On May 25, 2004, Ricks sued Associated and Butler, alleging that she was injured as a result of an intentional tort not covered by the exclusive remedy provisions of the Louisiana Workers Compensation Act.
Associated answered, asserting that Ricks' exclusive remedy was within the Louisiana Workers' Compensation Act and that Butler was not acting within the course and scope of his employment at the time of the incident. On August 12, 2004, an answer and Request For Notice was filed on behalf of Butler by counsel for Zurich (Associated's insurer), Suzan N. Richardson. Additionally, on August, 24, 2004, a third party petition was filed on behalf of Butler by Raymond A. Pelleteri, Jr., and Gina G. Olivier against National Union Fire Insurance Company of Louisiana ("National Union"), alleging that National Union owed him a defense and indemnity under its policy of directors and officers insurance issued to Associated. The certificate of service attached to the third party petition certifies that the "foregoing Memorandum in Support of Motion for Summary Judgment" has been forwarded to all counsel of record and requested service on "Bobbie Butler, through his attorney of record, Suzan N. Richardson. . . ." On that same day, Pelleteri and Olivier filed a Request For Notice, indicating that they were the "Attorneys for Bobbie Butler." On August 30, 2004, Pelleteri and Olivier filed an Amended Third Party Petition on behalf of Butler, alleging that the Louisiana Workers Compensation Corporation also owed Butler defense and indemnity. In the certificate of service attached to the amended petition, Olivier certified that the Memorandum in Support of Summary Judgment had been forwarded to all counsel of record and requested service on "Bobbie Butler, through his attorney of record, Suzan N. Richardson . . ."
On September 2, 2004, Ricks filed a supplemental and amending petition, adding the Louisiana Workers' Compensation Corporation, Zurich, National Union, and State Farm Fire and Casualty (Butler's homeowner insurer), as defendants. Service was made on Butler through Richardson, his attorney of record. On September 20, 2004, Richardson filed a motion for extension of time to respond to interrogatories and requests for production of documents propounded to Butler and attached a certificate that she had requested a telephone conference with plaintiff's counsel for the purpose of amicably resolving discovery issues. On September 22, 2004, Richardson filed on Butler's behalf a motion to compel discovery with attached memorandum discovery requests.
On October 20, 2004, Richardson filed an answer on behalf of Zurich to the plaintiff's supplemental and amending petition. On December 2, 2004, Richardson filed a Notice of Records Deposition on behalf of Butler, notifying Ricks of Butler's intent to take the deposition of the Records Custodian of the Louisiana Workers' Compensation Corporation. On that same date, Richardson filed a Notice of Depositions as the undersigned counsel for Zurich American Insurance Company notifying pertinent counsel, including Pelleteri and Olivier, of Ricks' deposition scheduled for February 23, 2005.
On December 20, 2004, National Union filed its answer, denying coverage.
On February 14, 2005, Richardson filed a Notice of Records Deposition on behalf *1048 of Butler, notifying Ricks of the deposition of the Records Custodian of the Louisiana Workers' Compensation scheduled for March 3, 2005.
On April 28, 2005, Richardson filed a motion to substitute counsel of record on behalf of Zurich, withdrawing as Zurich's counsel of record. On May 6, 2005, Richardson filed a motion to substitute counsel of record on behalf of Butler, withdrawing as counsel of record for Butler and naming Richard S. Vale as counsel of record. On June 17, 2005, Zurich filed an amended answer to the plaintiff's original and amended petitions, denying coverage for the incident and alleging that Butler is not an insured under its policy and that its policy specifically excludes coverage for expected or intended injury and is not applicable to obligations of the insured under workers compensation laws.
On July 13, 2005, National Union filed its motion for summary judgment. After a hearing on January 27, 2006, the district court granted summary judgment in favor of National Union in a judgment signed on February 22, 2006. This judgment was not appealed.
Meanwhile, on December 27, 2006, Zurich filed the motion for summary judgment underlying this appeal, arguing that it is entitled to summary judgment because there is no coverage in its policy for the claims of the plaintiff. In support of its motion, Zurich filed Butler's deposition, a copy of its insurance policy, and a copy of the original petition. On January 11, 2006, Vale filed a motion to set status conference on behalf of Butler and Butler was served through attorney Pelleteri. On January 20, 2006, Zurich filed a motion to continue and served Butler through his attorneys of record, Vale and Pelleteri. On January 27, 2006, the law firm of Scandurro and Layrisson and Stephen Scandurro enrolled as additional individual counsel on behalf of Butler.
On February 8, 2006, Associated and the Louisiana Workers' Compensation Corporation filed a joint motion for summary judgment, asserting that, pursuant to the deposition testimony of Ricks and Butler, Ricks' exclusive remedy against Associated is workers compensation. On February 15, 2006, Ricks filed an opposition to Zurich's motion for summary judgment.
On February 15, 2006, Pelleteri filed an opposition to Zurich's Motion for Summary Judgment on behalf of Butler, asserting that by its actions Zurich waived the right to assert a coverage defense. In support of its opposition, Butler attached the following documents: (1) Butlers' affidavit stating that Zurich never informed him that it reserved the right to deny coverage and that he (Butler) had confidential attorney-client conversations with Richardson during the period of her dual representation; (2) Butler's deposition transcript of February 23, 2005, indicating the appearance of Richardson "[r]epresenting Bobbie Butler and Zurich American Insurance Company"; (3) Ricks's deposition transcript of February 23, 2005, indicating the appearance of Richardson "[r]epresenting Bobbie Butler and Zurich American Insurance Company"; (4) cover letter to Ricks' attorney dated August 12, 2004, enclosing copies of pleadings "filed on behalf of our client, Bobby Butler," and signed by Richardson: (5) copy of answer to Ricks' petition filed on behalf of Butler by Richardson on August 12, 2004; (6) copy of answer to petition filed on behalf of Zurich on October 20, 2004, by Richardson; (7) copy of Richardson's May 6, 2006, motion to withdraw as Butler's counsel of record; (8) copy of Richardson's April 28, 2005, motion to withdraw as Zurich's counsel of record; and (9) statement of contested material facts, including "[w]hether Zurich *1049 waived the right to assert a defense of lack of coverage under the policy." On the same day, Scandurro also filed an opposition to Zurich's motion on behalf of Butler, asserting that Zurich waived any coverage defense by preparing Butler for his deposition, participating in privileged conversations and tactical discussions about his defense with Butler, and representing Butler at his deposition.
On March 26, 2006, Butler filed a motion for summary judgment on the issue of whether his actions constituted an intentional act.
A hearing was held on May 25, 2006, on the three separate motions for summary judgment filed by Zurich, Associated, and Butler. On May 30, 2006, the trial judge signed a judgment, granting Zurich's motion and denying the motions filed by Associated and Butler. With regard to his decision to grant summary judgment to Zurich, the trial judge wrote the following:
[D]efendant Zurich American Insurance filed a Motion for Summary Judgment asserting that the insurance policy in effect at the time of the incident had a "bodily injury" exclusion and as a result should be dismissed from the lawsuit. The policy of insurance issued by Zurich American Insurance Company does not provide coverage for the injuries claimed by plaintiff under the employee exclusion. Furthermore, the actions of Butler were intended to cause the harm which Ms. Ricks suffered, thus negating any potential liability on the part of Zurich. As a result, Zurich American Insurance' Motion for Summary Judgment should be GRANTED.
On June 9, 2006, Associated and Louisiana Workers' Compensation Corporation filed a motion for a new trial with regard to the summary judgment granted in favor of Zurich, asserting that the trial judge failed to address the waiver of issue. That same day, Ricks filed a motion for a new trial on the summary judgment rendered in favor of Zurich, asserting that the trial judge failed to consider the waiver issue. On June 14, 2006, Butler filed a motion and order to fix time within which to file an application for supervisory writ in connection with the summary judgment rendered in favor of Zurich. On June 19, 2006, the trial judge denied the motions for a new trial, asserting in each judgment that all of the issues raised in the mover's motion "were previously raised at the hearing on this matter, and/or have been addressed in one form or another." Associated and Ricks filed separate notices of intent to apply for supervisory writ in connection with the summary judgment rendered in favor of Zurich and the judgment denying motions for a new trial.
Butler filed a timely application for supervisory writ pertaining to the summary judgment granted in favor of Zurich. This court, finding that the trial court's May 30, 2006, summary judgment dismissing Zurich from the litigation is a partial final judgment under La.Code Civ. Proc. art. 1915(A) and, as such, immediately appealable under La.Code Civ. Proc. art.1911, converted the writ application into the devolutive appeal now before us.

Discussion
On appeal, summary judgments are reviewed de novo. Smith v. Our Lady of the Lake Hosp., Inc., 93-2512 (La.7/5/94), 639 So.2d 730, 750 (citing Schroeder v. Bd. of Supervisors of La. State Univ., 591 So.2d 342, 345 (La.1991)). Summary judgment should be granted where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to material fact, and that mover is entitled to judgment as a matter of law." La.Code Civ. Proc. art 966(B). The burden is on the mover to establish *1050 that no material fact issues exist and only when reasonable minds must inevitably conclude that the mover is entitled to judgment as a matter of law on the facts before the court is a summary judgment warranted. Smith, 639 So.2d at 751.
First, we note that although defendants Associated and Louisiana Workers' Compensation Corporation seek review of the trial court's ruling denying its motion for summary judgment "in relation to" the trial court granting Zurich's motion, the only matter properly before us in this appeal is the summary judgment dismissing Zurich from the litigation.
In support of its motion for summary judgment, Zurich attaches a copy of its policy, including the following pertinent provisions:
COVERAGE A. BODILY INJURY AND PROPERTY DAMAGE LIABILITY
* * * *
2. Exclusions
This insurance does not apply to:
a. Expected or Intended Injury
"Bodily injury" or "property damage" expected or intended from the standpoint of the insured. . . .
* * * *
d. Workers Compensation and Similar Laws
Any obligation of the insured under a workers compensation, disability benefits or unemployment compensation law or any similar law.
e. Employer's Liability
"Bodily injury" to
(1) an "employee" of the insured arising out of an in the course of:
(a) employment by the insured; or
(b) Performing duties related to the conduct of the insured's business.. . .
* * * *
This exclusion applies:
(1) Whether the insured may be liable as an employer or in any other capacity; and
(2) To any obligation to share damages with or repay someone else who must pay damages because of injury.
In addition, Zurich attaches the deposition testimony of Ricks and Butler describing the incident in which Ricks was allegedly injured. According to Butler's deposition testimony, he encouraged and sometimes participated in a playful, lighthearted atmosphere to improve employee morale and production. On the day of the incident in question, Butler was walking to the warehouse when he saw Ricks, an employee of 25 years, leaning over a laundry cart with one foot in the air "[a]nd I did the practical joke on her, one finger, I took one foot and lifted it." As a result, Ricks ended up in the cart and, according to Butler "we both laughed like hell, we laughed until we cried, both of us." In her deposition testimony, Ricks denied laughing or finding the incident amusing. Finally, Zurich attaches a copy of Ricks' initial petition wherein she alleges that Butler's action was an intentional tort not covered by the exclusive remedy provisions of the Louisiana Workers Compensation Act.
In response, Butler contends that Zurich's motion for summary judgment based on the exclusion provisions in its policy must be denied because Zurich waived its defense of lack of coverage for the plaintiff's claims against Butler when it failed to assert this defense in a timely manner. Specifically, Butler points to the fact that (1) Zurich's counsel represented him for more than a year in this litigation without informing him that Zurich reserved the right to deny coverage under its policy; (2) *1051 the legal counsel provided by Zurich to Butler represented both Zurich and Butler through much of this litigation; (3) while acting as counsel for Butler, Zurich's attorney filed separate answers on behalf of both Zurich and Butler but did not assert the affirmative defense of lack of coverage in the answer filed on behalf of Zurich. Accordingly, Butler argues that Zurich is not entitled to summary judgment or dismissal from the litigation based on its noncoverage defense.
Ricks also filed an opposition to Zurich's motion, adopting Butler's response and arguing further that Zurich's exclusion clause is not applicable in this case because, although Butler's act was intentional, he did not intend the resulting injury. Alternatively, Ricks argued that Zurich should not be dismissed from the litigation at this point in the proceedings because the precise employment status of the parties at the time of the injury has not been established.
Inexplicably, in granting summary judgment to Zurich and dismissing Zurich from this litigation, the trial court made no reference to the waiver issue. The Louisiana Supreme Court addressed the waiver issue in Steptore v. Masco Construction Co., Inc., 93-2064 (La.8/18/94), 643 So.2d 1213, as follows:
Waiver is generally understood to be the intentional relinquishment of a known right, power or privilege. Waiver occurs when there is an existing right, a knowledge of its existence and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished. A waiver may apply to any provision of an insurance contract, even though this may have the effect of brining within coverage risks originally excluded or not covered.
It is well established that an insurer is charged with knowledge of the contents of its own policy. In addition, notice of facts which would cause a reasonable person to inquire further imposes a duty of investigation upon the insurer, and failure to investigate constitutes a waiver of all powers or privileges which a reasonable search would have uncovered.
Waiver principles are applied stringently to uphold the prohibition against conflicts of interest between the insurer and the insured which could potentially affect legal representation in order to reinforce the role of the lawyer as the loyal advocate of the client's interest. Accordingly, when an insurer, with knowledge of facts indicating noncoverage under the insurance policy, assumes or continues the insured's defense without obtaining a nonwaiver agreement to reserve its coverage defense, the insurer waives such policy defense.
Steptore, 643 So.2d at 1216 (internal citations omitted).
In this case, Ricks filed her petition in May 2004 and Zurich's counsel (Richardson) provided dual representation to Zurich and Butler for almost a year, withdrawing as Zurich's counsel of record in April 2005 and, a week later in May 2005, withdrawing as Butler's counsel of record and only then naming Vale as separate counsel for Butler. A month later, and more than a year after the initial petition was filed, Zurich filed an amended answer denying coverage. Accordingly, Richardson's dual representation of Butler and Zurich continued through the first year of this litigation, representing him at deposition and presumably engaging in confidential attorney-client discussions pertaining to his deposition testimony and litigation strategy. Notably, Zurich did not even take the precaution of providing Butler *1052 with a nominal separate counsel in order to avoid the appearance of a conflict of interest but, instead, provided dual representation by attorney Richardson.
Accordingly, there is no genuine dispute as to the material facts pertinent to the waiver issue. Zurich clearly waived its right to assert a coverage defense of its insured by assuming Butler's defense for a year in the face of the policy provision indicating that it had a right to deny coverage for the incident. Prejudice must be assumed when, without reservations, an insured is provided with dual representation during the first year of the litigation, the time in which the key depositions were taken, including the insured's, and, presumably, when key litigation strategy decisions were made.
Finally, it is undisputed that Zurich did not reserve its right to deny coverage under the policy prior to assuming the defense of Butler. As noted previously, Zurich did not even provide Butler with a nominal separate counsel to avoid a potential conflict of interest. Accordingly, because Zurich assumed Butler's defense without reserving its rights or otherwise protecting its interests and continued to represent Butler for nearly a year although its own interests were adverse to Butler, we find that Zurich waived any coverage defense it had under the policy.

Conclusion
After de novo review of the record in light of the applicable law, we find that there is no genuine issue as to any material fact regarding the waiver question. By its actions and nonactions, Zurich clearly waived its right to assert a coverage defense. Therefore, the summary judgment granted to Zurich by the trial court is reversed and a partial summary judgment on the waiver issue is granted in favor of Butler.
SUMMARY JUDGMENT REVERSED; PARTIAL SUMMARY JUDGMENT GRANTED.
NOTES
[1] The initial petition filed against Butler spelled his first name "Bobby" but in his Third Party Petition, Butler spells his name "Bobbie." As a result, different spellings appear throughout the record.